IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00983-BNB

HENRY L. JAMES, JR.,

    Plaintiff,

v.

MR. RICK RAEMISH, C.D.O.C. Dirrector [sic],
MR. LENGERICH, Active Warden, B.V.C.F.,
MR. BRUNEL, Ass[istant],
MR. DENWALT, Active Case Manager III, ,
[JOHN DOE], Shift Leader, Captain (involved with RFP Order), and
MR. ARGEY's, over B.V.C.F. Inmates,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Henry L. James, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the correctional facility in Buena Vista, Colorado. He has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) for money damages and injunctive relief. Mr. James has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe Mr. James's Prisoner Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. James will be directed to file an amended Prisoner Complaint.

    Mr. James complains that he inappropriately was classified as a Removal from

Population (RFP) inmate effective March 19, 2014.  He fails to allege whether he continues to be classified as an RFP inmate or, if not, when the classification ended; and what, if any, constitutional rights the defendants violated.  He appears to assert additional claims in a letter he filed on April 7, 2014 (ECF No. 4).  Mr. James's request in the letter for the Court to reimburse him for photocopies will be denied.

Mr. James fails to allege facts that demonstrate how each of the named defendants personally participated in the asserted constitutional violations.  In order to state a claim in federal court, Mr. James "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. James should name as defendants in his amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. James must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an

affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisory official, such as the DOC executive director or Buena Vista prison warden, may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. James may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. James uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended Prisoner Complaint Mr. James will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The

twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8. Mr. James must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. Claims raised in separate letters, attachments, amendments, supplements, motions, or other documents but not included in the amended complaint will not be considered.

    Accordingly, it is

    ORDER that the request by Plaintiff, Henry L. James, Jr., for the Court to reimburse him for photocopies is denied. It is

    FURTHER ORDERED that Mr. James **within thirty (30) days from the date of this order** file an amended Prisoner Complaint that complies with this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that Mr. James shall obtain the Court-approved Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. James fails to file an amended Prisoner Complaint that complies with this order within the time allowed, some or all claims and defendants or the entire action may be dismissed without further notice for the reasons stated above.

DATED April 10, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge