IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00983-BNB

HENRY L. JAMES, JR.,

    Plaintiff,

v.

MR. LENGERICH, Active Warden BVCF,
MR. DEWALT, Active Case Manager III at BVCF, and
MR. ARGEYS, Shift Commander over BVCF Inmates,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE TO A PRESIDING JUDGE

---

    Plaintiff, Henry L. James, Jr., is a prisoner in the custody of the Colorado Department of Corrections at the correctional facility in Buena Vista, Colorado. He initiated the instant action by filing *pro se* on April 7, 2014, a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). He has been granted leave to proceed pursuant to § 1915.

    On April 10, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 6) directing Mr. James to file within thirty days an amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and asserted the personal participation of each named Defendant. On May 6, 2014, he filed the amended Prisoner Complaint (ECF No. 9). He asks for money damages and injunctive relief.

Mr. James has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. James is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended Prisoner Complaint liberally because Mr. James is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court

should not be an advocate for a *pro se* litigant.  *See id.*  For the reasons stated below, the Court will dismiss the amended Prisoner Complaint in part as legally frivolous.

Mr. James asserts that, in response to a conversation he had with Mr. Argeys, his shift commander, on March 19, 2014, concerning problems he was having with co-inmates, Mr. Argeys had him provide the names of the co-inmates, handcuffed him, removed him from the general population, and placed him in punitive segregation, where he currently resides.  He complains that Mr. Argeys failed to document in writing the circumstances surrounding his segregation placement.  He also complains that in segregation he has been denied such privileges as being able to contact by telephone his family or his attorney concerning an appellate proceeding.  On the basis of these allegations, Mr. Brown alleges that his Eighth Amendment right to be free from cruel and unusual punishment has been violated.  He makes no allegations against Warden Lengerich or Case Manager Dewalt.

Mr. James was informed in the order of April 10, 2014, that personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. James must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  To succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Mr. James has failed to make any allegations demonstrating the personal participation of Warden Lengerich or Case Manager Dewalt in the asserted constitutional violation.  Therefore, any claims against these Defendants will be dismissed.  Warden Lengerich and Case Manager Dewalt also will be dismissed as parties to this action.

Accordingly, it is

ORDERED that the claims asserted against Warden Lengerich and Case Manager Dewalt are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that the clerk of the Court is directed to remove Warden Lengerich and Case Manager Dewalt as parties to this action.  It is

FURTHER ORDERED that the case is drawn to a presiding judge and, if appropriate, to a magistrate judge. It is

FURTHER ORDERED that the only remaining Defendant is Shift Commander Argeys.

DATED at Denver, Colorado, this  14th   day of    May         , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court